UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEE SCOTT ROBAR,

        Petitioner,        Case No. 1:06-cv-826

v.        Honorable Robert Holmes Bell

MARY BERGHUIS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because Petitioner fails to raise a meritorious federal claim.

**Discussion**

I.        Factual allegations

Petitioner presently is incarcerated at the West Shoreline Correctional Facility. Petitioner's conviction arose out of an incident that occurred on December 3, 2002. (Pet. at 11.) After pleading guilty[1], Petitioner was convicted in the Muskegon County Circuit Court of delivering between 50 and 225 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii). On March 6, 2003, the Muskegon County Circuit Court sentenced Petitioner to ten to thirty years' imprisonment as a second habitual offender, MICH. COMP. LAWS § 769.10. Petitioner appealed to the Michigan Court of Appeals, which affirmed his conviction on March 15, 2005. *See People v. Robar,* No. 2514780, 2005 WL 602397, at *1 (Mich. Ct. App. Mar. 15, 2005). The Michigan Supreme Court denied his application for leave to appeal on November 29, 2005, and his motion for reconsideration on January 30, 2006. (*See* Attach. to Pet.)

In his *pro se* petition, Petitioner argues that his rights under the Equal Protection Clause and Due Process Clause were violated when (i) the trial court refused to sentence him under the amended version of MICH. COMP. LAWS § 333.7401(2)(a)(iii); and (ii) the Michigan Department of Corrections (MDOC) failed to apply the parole eligibility provisions under MICH. COMP. LAWS § 791.234(14) to his case.

II.       Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001), *cert.*

---

[1] It is uncertain whether Petitioner pled *nolo contendere* or guilty in the trial court. In his petition, Petitioner refers to both pleading *nolo contendere* and guilty. (Pet. at 1, 11.) The Michigan Court of Appeals, however, states that Petitioner pled guilty. *See People v. Robar,* No. 2514780, 2005 WL 602397, at *1 (Mich. Ct. App. Mar. 15, 2005).

*denied, Texas v. Penry*, 126 S. Ct. 2862 (June 12, 2006). The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 944 (6th Cir. 2000). Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 317-18 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a

different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 405-07); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 -47(1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I recommend that Petitioner is not entitled to relief.

### III.  Merits

#### A.  MICH. COMP. LAWS § 333.7401(2)(a)(iii)

In his first ground for habeas relief, Petitioner asserts that his equal protection and due process rights were violated when the trial court failed to sentence him under the new, more lenient sentencing provision of Michigan's controlled substances law, MICH. COMP. LAWS § 333.7401(2)(a)(iii). Petitioner was initially charged in Muskegon County Circuit Court of delivering between 50 grams and 225 grams of cocaine in violation of MICH. COMP. LAWS § 333.7401(2)(a)(iii) on December 3, 2002.[2] (Pet. at 11.) At that time, MICH. COMP. LAWS § 333.7401(2)(a)(iii) provided for a punishment of "not less than 10 years nor more than 20 years." Effective March 1, 2003, 2002 P.A. 665 amended the punishment provision to provide for "imprisonment for not more than 20 years or a fine of not more than $250,000.00 or both." MICH. COMP. LAWS § 333.7401(2)(a)(iii) (as amended). On March 6, 2006, the Muskegon County Circuit Court sentenced Petitioner under the prior version of MICH. COMP. LAWS § 333.7401(2)(a)(iii) as a second habitual offender. (Pet. at 11.)

The Michigan Court of Appeals addressed the issue as follows:

> On March 6, 2003, defendant pleaded guilty of delivery of 50 grams or more but less than 225 grams of cocaine. At the time he was charged, the offense carried a mandatory minimum sentence of ten years in prison, but the statute, MCL 333.7401, was amended by 2002 PA 665, effective March 1, 2003. The amendment established an entirely new offense and sentencing scheme. Currently, the offense of delivery of 50 grams or more but less than 450 grams of cocaine is not subject to a mandatory minimum. MCL 333.7401(2)(a)(iii)(as amended).

---

[2] At the time of Petitioner's offense in 2002, MICH. COMP. LAWS § 333.7401(2)(a)(iii) applied to offenses involving between 50 grams and 225 grams of controlled substances. It now applies to offenses involving between 50 grams and 450 grams of controlled substances. *See* MICH. COMP. LAWS § 333.7401(2)(a)(iii).

> Defendant argues that he is entitled to be resentenced under the amended version of MCL 333.7401. We disagree and affirm. The amended statutory scheme in MCL 333.7401 applies only to offenses committed on or after March 1, 2003. *People v Thomas*, 260 Mich App 450, 458-459; 678 NW2d 631 (2004); *People v Doxey*, 263 Mich App 115, 123; 687 NW2d 360 (2004). Therefore, the trial court correctly sentenced him to the statutorily mandated minimum.

*Robar,* 2005 WL 602397, at *1.

Petitioner claims that he should have been sentenced under the more lenient sentencing provision of Michigan's controlled substances law, contending that 2002 P.A. 665 must be applied retroactively to his case. A federal court may grant habeas corpus relief only on the ground that a state prisoner is in custody in violation of the federal Constitution or laws. 28 U.S.C. § 2254(a). A question concerning a perceived error of state law cannot serve as the basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Id.* at 68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. Consequently, Petitioner has no right to habeas relief for any violation of the state statute.

A habeas petitioner serving a state sentence also has no federal constitutional right to retroactive application of more lenient state sentencing rules. *Bowen v. Romanowski,* No. 05-CV-72754-DT, 2005 WL 1838329, at *2 (E.D. Mich. Aug. 2, 2005) (citing *Dockins v. Hines,* 374 F.3d 935, 940 (10th Cir. 2004)). In addition, the Michigan Court of Appeals has specifically held that MICH. COMP. LAWS § 333.7401(2)(a)(iii) operates only prospectively to those offenses *committed* on or after the effective date of the legislation, March 1, 2003. *See People v. Doxey,* 687 N.W.2d 360 (2004) (the statute is "applied prospectively only and only to offenses committed on or after

. . . March 1, 2003"). Petitioner committed his offense in December 2002, approximately three months prior to the enactment date of 2002 P.A. 665. This Court has no authority to overrule the state courts on this issue, which is purely a matter of state law. *See Bowen*, 2005 WL 1838329, at *2 (citing *Snook v. Wood,* 89 F.3d 605. 611 (9th Cir. 1996) (petitioner's argument that the trial court should have sentenced him under a 1977 amendment did not warrant habeas relief when the Washington Supreme Court held that the amendment did not apply retroactively)).

Petitioner further claims that the failure to apply the amended statute to his sentence violates his equal protection rights. Petitioner's argument is flawed. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). With regard to sentencing under Michigan's controlled substances law, Petitioner has been treated the same as "similarly situated" offenders, *i.e.* those who committed their offenses before March 1, 2003. Because all prisoners who committed violations of the controlled substances statute before March 1, 2003 were sentenced under the old sentencing provisions, Petitioner fails to state a claim under the Equal Protection Clause. Therefore, the state court's determination regarding the application of MICH. COMP. LAWS § 333.7401(2)(a)(iii) to Petitioner's sentence was not an unreasonable application of established Supreme Court authority.

### B.     **Parole Eligibility**

In his second ground for habeas relief, Petitioner argues that prisoners convicted of crimes prior to March 1, 2003 received preferential parole treatment in violation of Petitioner's equal

protection and due process rights. (Pet. at 11.) According to MICH. COMP. LAWS § 791.234(14)[3], a person convicted of violating MICH. COMP. LAWS § 333.7401(2)(a)(iii) "before March 1, 2003 is eligible for parole after serving the minimum of each sentenced imposed for that violation or 5 years of each sentenced imposed for that violation, whichever is less." Because Petitioner was not sentenced until March 6, 2003, Petitioner is not eligible for early parole consideration in accordance with MICH. COMP. LAWS § 791.234(14).

The Michigan Court of Appeals addressed this issue as follows:

> Defendant also argues that the Department of Corrections is applying MCL 791.234(12) incorrectly, which threatens to deny him an opportunity for early parole. However, any challenge to the department's procedures must be raised in an appropriate administrative proceeding. See *People v Watts*, 186 Mich App 686, 687 n 1; 464 NW2d 715 (1991). We also note that this claim is not ripe yet because defendant has not completed five years of his sentence. MCL 791.234(12).

*Robar,* 2005 WL 602397, at *1.

As stated above, the Equal Protection Clause of the Fourteenth Amendment provides that all persons similarly situated should be treated alike. *See* U.S. CONST., amend. XIV; *City of Cleburne*, 473 U.S. at 439. With regard to his eligibility for parole under MICH. COMP. LAWS § 791.234(14), Petitioner has been treated as "similarly situated" offenders, *i.e.* those who were convicted after March 1, 2003. All of the state prisoners who were convicted of Michigan's controlled substances law after March 1, 2003 are not eligible for early parole consideration under MICH. COMP. LAWS § 791.234(14), therefore, Petitioner fails to state an Equal Protection Clause claim.

---

[3]The substance of MICH. COMP. LAWS § 791.234(12) is now contained in MICH. COMP. LAWS § 791.234(14). I will refer to the current statute, MICH. COMP. LAWS § 791.234(14), in this report and recommendation.

To the extent Petitioner presents a state law claim regarding the application of MICH. COMP. LAWS § 791.234(14), it is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67-68. To the extent Petitioner presents a due process claim, Petitioner must first establish that parole is a recognized liberty interest entitled to protection by the Due Process Clause. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Bd. of Pardons v. Allen*, 482 U.S. 369 (1987). A prisoner's unilateral expectation, particularly where prison officials retain complete discretion regarding an ultimate determination, does not create a constitutionally protected entitlement or liberty interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972).

Liberty interests may arise from the Constitution itself or from the provisions of state law. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983). A prisoner has no constitutional or inherent right to be released on parole before the expiration of the prisoner's sentence. *Greenholtz v. Inmates of the Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). The state is therefore free to institute parole systems, but it has no duty to do so. *Id.*; *see Rose v. Haskins*, 388 F.2d 91, 93 (6th Cir. 1968). A prisoner has a liberty interest in the possibility of parole if, but only if, state law creates a legitimate expectation of parole release by the use of mandatory language limiting the discretion of the parole board. *See Allen*, 482 U.S. at 373-75. In the absence of a state-created liberty interest, the parole board can deny release on parole for any reason or no reason at all, and the Due Process Clause has no application. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 236 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision,

the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581, at *1 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Until Petitioner has served his thirty-year maximum sentence, he has no reasonable expectation of liberty. Accordingly, Petitioner has no liberty interest at stake. Because Petitioner has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-165.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it fails to raise a meritorious federal claim. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:   January 17, 2007                           /s/  Joseph G. Scoville
                                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).